IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, STATEWIDE (LULAC), PAT DE ANDA and GLORIA MENDEZ,<br>　　　　　　Plaintiff,<br><br>v.<br><br>BIG SPRING INDEPENDENT SCHOOL DISTRICT, DAN WISE, PRES., LARRY McLELLAN, DON BAKER, IRENE BUSTEMANTE, LARRY HOLLAR, GLYNNA MOUTON and AL VALDES all in their official capacities as members of the Board of Trustees for the BIG SPRING INDEPENDENT SCHOOL DISTRICT, HOWARD COUNTY, TEXAS<br>　　　　　　Defendants. | §§§§§§§§§§§§§§§§§§§§<br><br>CA NO. 1:96-CV-27-C |

## AGREED MOTION TO AMEND CONSENT DECREE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, STATEWIDE, (LULAC), PAT DE ANDA and GLORIA MENDEZ, (hereinafter "Plaintiffs") and Defendants, BIG SPRING INDEPENDENT SCHOOL DISTRICT, et al (hereinafter "BSISD") (collectively the "Parties") and request the Court enter an Order amending its previous Consent Decree, filed on or about July 2, 1996. As basis for their Motion, the parties would show the following:

### STIPULATED FACTS

1. In this suit, Plaintiffs asserted claims against BSISD of racial and ethnic

discrimination arising out of BSISD's use of pure at-large elections to elect 3 BSISD trustees, and that electing 3 trustees through the at-large system improperly diluted the voting strength of Mexican-American voters, in violation of the Federal Voting Rights Act, 42. U.S.C. 1973c.

2.      On or about July 2, 1996, this Court entered its Consent Decree adopting an Agreed Settlement between the Parties (the "1996 Consent Decree"). The Parties' Agreed Settlement divided the BSISD into 3 at-large trustee voting districts through cumulative voting, and 4 single-member trustee voting districts, to be phased-in over a 3 year period of time, beginning with the May, 1997 elections. Elections were to be conducted annually, and the trustee terms staggered such that elections were to be held for 3 year terms for single member districts 2 and 4 beginning in May, 1997; elections for 3 year terms for the 3 at-large trustees subject to cumulative voting beginning in May, 1998; and, elections for 3 year terms for single member districts 1 and 3, beginning in May, 1999.

3.      The 1996 Consent Decree further provided for the polling locations for all single member districts to remain the same as the then current polling locations, specifically, early voting at the Howard County Courthouse, 100 block Main Street, Big Spring Texas, and election day voting at the Big Spring High School Cafeteria, 707 11th Place, Big Spring Texas. Attached as **Exhibit "1"** to this motion is the Settlement Agreement and the 1996 Consent Decree.

4.      During the summer of 2002, BSISD received a request to change its single member voting district and cumulative at-large trustee election system to a system that elected trustees from 7 single member voting districts. After holding two public hearings with its legal counsel and demographic expert, and after receiving community input regarding the change in the trustee election system to 7 single member voting districts, the BSISD Board of Trustees (the

"Board") resolved to change its trustee election system from 4 single member voting districts and 3 at-large positions with cumulative voting to elections from 7 single member voting districts. This change was to be phased in beginning with the May, 2003 trustee election. This change occurred without a third lawsuit being filed, and BSISD obtained preclearance of this new 7 single member voting district election system from the U.S. Department of Justice ("DOJ") on December 18, 2002 (DOJ No. 2002-5179). *See* DOJ's letter of December 18, 2002 attached hereto as **Exhibit "2."** The 1996 Consent Decree in this lawsuit was never modified to reflect this change.

5. In January, 2006, after holding a public hearing on whether the Board should change its polling place for general trustee elections, the Board resolved to move its election day polling place from the Big Spring High School Cafeteria to the foyer of the Dorothy Garrett Coliseum, 1001 Birdwell Lane, Big Spring, Texas, to provide a polling place more readily accessible to handicapped voters, and decrease the distance between the parking lot and the poll site. BSISD submitted for and obtained preclearance of this change in polling place from the DOJ on March 29, 2006 (DOJ No. 2006-0806). *See* DOJ's letter of March 29, 2006 attached hereto as **Exhibit "3."** The 1996 Consent Decree in this lawsuit was never modified to reflect this change.

6. In August 2011, in accordance with Texas Education Code § 11.052, the Fourteenth and Fifteenth Amendments to the United States Constitution, and the 2010 decennial census data, the Board redrew the boundaries of its 7 single member voting districts so that the deviation between the total population residing in the most populous single-member district and the least populous single member voting district did not exceed 10%, and established minority single member voting districts proportionate to BSISD's minority population so as not to dilute

the voting strength of the District's Mexican-American voters (the "Redistricting Plan"). BSISD submitted for and obtained preclearance for its Redistricting Plan from the DOJ on December 1, 2011 (DOJ No. 2011-4090). *See* DOJ's letter of December 1, 2011 attached hereto as **Exhibit "4."**

7. The District was advised by the DOJ in 2011 during review of the Redistricting Plan that the election of its trustees through all 7 single member voting districts must be by majority vote as prescribed by the Court Order in *League of United Latin American Citizens, et al. v. Big Spring Independent School District, et al.*, Civil Action No. 1:82-100w, pending in the U.S. District Court for the Northern District of Texas, Abilene Division (the "1982 Suit")[1]. Therefore, BSISD was required to conduct a trustee run-off election in 2012, wherein only 23 voters participated out of 1,209 registered voters in that single member voting district, at a total cost to the District of approximately $4,015.

8. After consulting with Plaintiffs' attorney, Rolando Rios, and after conducting a public hearing, the Board held a lawfully called meeting on February 14, 2013 and determined: (i) it was in the best interest of the District to discontinue the election of its trustees by majority vote, and (ii) to elect its trustees from each of the 7 single member voting districts by plurality vote. This change was to begin with the general trustee elections in May, 2013, subject to receiving preclearance from the DOJ as was required by the Federal Voting Rights Act, 42 U.S.C. 1973c.

9. The practice of plurality vote for all single member voting districts was submitted for preclearance to the DOJ on February 28, 2013. Members of the minority community and

---

[1] In the 1982 Suit, the Plaintiffs asserted claims against BSISD of racial and ethnic discrimination arising out of BSISD's system of at-large trustee elections. On or about January 30, 1984, the Court entered an Order, based on the Parties' Settlement Agreement, requiring the District to elect 4 trustees through single member voting districts, and 3 trustees at-large. Further, the Court's Order required at least 2 polling places for each single member voting district, and those trustees elected from single member voting districts to be by majority vote.

Plaintiffs' counsel were contacted to ensure there were no objections. BSISD obtained preclearance for the change to plurality vote from the DOJ on April 16, 2013 (DOJ No. 2013-0615). *See* District's request for preclearance of February 28, 2013 and the DOJ's letter of April 16, 2013 attached hereto as **Exhibit "5."**

10. After certifying no opposing candidates had filed to run, BSISD cancelled the May, 2013 trustee election. Therefore, BSISD's practice of plurality voting will not take effect until the May, 2014 trustee election.

## RELIEF REQUESTED

11. Both Plaintiffs and Defendants request the Court enter an Order amending the previous 1996 Consent Decree in this cause to provide that BSISD may proceed with an election system consistent with its current election practices, which allow trustees to be elected from 7 single member voting districts by plurality vote, and allows the District to conduct its future trustee elections at the different polling places, as may be necessary to comply with federal and/or state law or to best serve the voters of BSISD, provided such changes in polling places are made as may be required by federal or state law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and BSISD respectfully request the Court enter an Order amending its 1996 Consent Decree to specifically provide as follows:

1. The election of trustees from 7 single member voting districts by plurality vote;

2. The election day polling place shall be the foyer of the Dorothy Garrett Coliseum, 1001 Birdwell Lane, Big Spring, Texas; and,

3. The BSISD Board of Trustees shall have the authority to make further changes to the early voting and election day polling places for its future trustee elections to comply with federal and/or state law or as it determines to be in the best interest of BSISD

voters, provided such polling place change(s) are made as may be required under federal and state law.

Dated: January 22, 2014

Respectfully submitted,

_____
ROLANDO L. RIOS, SBN: 16935900
R.L. RIOS & Associates, PLLC
115 E. Travis, Suite 1645
San Antonio, Texas 78205
Attorney for Plaintiffs

_____
FRED A. STORMER, SBN: 24013579
UNDERWOOD LAW FIRM, P.C.
P.O. Box 9158
Amarillo, TX. 79101-2446
Attorney for Defendants